THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD COLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:22-cv-4499 |
| | ) | |
| ESSCOE, L.L.C., an Illinois Limited Liability Company and MICHAEL COOK, individually, | ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, EDWARD COLBERT, by and through his attorneys, S.T. LEGAL GROUP, who for his Complaint at Law against the Defendants, ESSCOE, L.L.C., an Illinois Limited Liability Company, and MICHAEL COOK, individually, alleges as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act and the Illinois Minimum Wage Law, for the failure to pay overtime wages.

### JURISDICTION

2. Federal jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* and federal question jurisdiction under 28 U.S.C. § 1331 as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### VENUE

3. Pursuant to 29 U.S.C. § 1391, venue lies in the Northern District of Illinois in that Plaintiff is a resident in this District, the Defendant is engaged in business in this District, and a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

**PARTIES**

4. At all relevant times, the Plaintiff, EDWARD COLBERT, was a resident of Zion, County of Lake, State of Illinois.

5. At all relevant times, the Defendant, ESSCOE, L.L.C., was a Limited Liability Company organized under the laws of the State of Illinois with its principal place of business in Lake Zurich, County of Lake, State of Illinois.

6. Upon information and belief, the Defendant, ESSCOE, L.L.C., is a security and fire alarm systems integrator and engages in, among other things, providing design, service, inspection, installation, and monitoring services throughout Illinois as well as other states.

7. Upon information and belief, at all relevant times, the Defendant, MICHAEL COOK, was a resident of Mundelein, County of Lake, State of Illinois.

8. The Defendant, MICHAEL COOK, is a Principal of the Defendant, ESSCOE, L.L.C.

9. The Defendant, MICHAEL COOK, is and was involved in the day-to-day business operations of the Defendant, ESSCOE, L.L.C., and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

10. As a member of ESSCOE, L.L.C., the Defendant, MICHAEL COOK, directly benefits and derives financial gain from Defendant, ESSCOE, L.L.C.'s failure to pay its employees their wages in accordance with the applicable wage laws as described herein.

**BACKGROUND**

11. On or about May 11, 2015, the Plaintiff, EDWARD COLBERT, received an

Offer Letter from the Defendant, ESSCOE, L.L.C., offering him a position as a field security installation technician. Said Offer Letter is attached hereto as **Exhibit 1**.

12. The Offer Letter indicated that Plaintiff, EDWARD COLBERT, would be paid a salary of $2,500 bi-weekly as compensation for this position and further indicated that this was an "exempt position offering".

13. The Defendant, ESSCOE, L.L.C. did not reference any specific statute nor any specific, applicable exemption in the Offer Letter.

14. On or around June 2, 2015, the Plaintiff, EDWARD COLBERT, agreed to become an employee of the Defendant, ESSCOE, L.L.C., as a field security installation technician.

15. As a field security installation technician, Plaintiff, EDWARD COLBERT, worked entirely in the field visiting work sites and or customers.

16. In or around 2018, Plaintiff, EDWARD COLBERT, became a project manager with Defendant, ESSCOE, L.L.C.

17. As a project manager, Plaintiff, EDWARD COLBERT, continue to work in the field but also performed some services in the office of Defendant, ESSCOE, L.L.C.

18. In early 2020, Plaintiff, EDWARD COLBERT, was promoted to service manager for the security team for Defendant, ESSCOE, L.L.C.

19. As part of his duties as service manager, Plaintiff, EDWARD COLBERT, would assist with scheduling of technicians, but had no direct reports over which he had independent supervisory authority, as all employees of the security team reported to the security operations manager.

20. During the time of his employment with the Defendants, the Plaintiff, EDWARD

COLBERT, was directed to work, and did work, varying hours per workweek, including frequently working over forty (40) hours per workweek.

21. Specifically, between 2019 and 2022, Plaintiff, EDWARD COLBERT, worked approximately three hundred and seven (307) hours of overtime and approximately twenty-eight (28) hours of double-time. Double-time hours are due for hours worked on holidays or Sundays.

22. Plaintiff, EDWARD COLBERT, was never paid any overtime pay for any hours he worked over forty (40) per week.

23. On or about April 1, 2022, the Plaintiff, EDWARD COLBERT, ceased to be employed by Defendant, ESSCOE, L.L.C.

24. Plaintiff, EDWARD COLBERT, requested that Defendant, ESSCOE, L.L.C., properly compensate him for the hours he worked which were over forty in a work week.

25. To date, Plaintiff, EDWARD COLBERT, has not been properly compensated for any of his overtime hours.

**COUNT I – Violation of the Fair Labor Standards Act**

26. The Plaintiff, EDWARD COLBERT, incorporates and adopts paragraphs 1 through 25 as if set forth herein fully as paragraph 26.

27. At all relevant times, there was in effect the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

28. During the course of employment, the Plaintiff, EDWARD COLBERT, was an "employee" as defined by 29 U.S.C. 203(e).

29. During the course of employment, the Defendants, ESSCOE, L.L.C. and MICHAEL COOK, were "employers" as that term is defined by 29 U.S.C. 203(d).

30. At all relevant times the Defendants, ESSCOE, L.L.C., was an employer or

enterprise engaged in commerce or the production of goods for commerce within the definitions of 29 U.S.C. §203(s).

31. Section 207 of the Fair Labor Standards Act (hereinafter "FLSA") provides that:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207.

32. The FLSA further provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216

33. At all times relevant, the Plaintiff, EDWARD COLBERT, was not exempt from the provisions of the FLSA, including the overtime provisions.

34. At all times relevant, the Defendants directed the Plaintiff to work, and Plaintiff did work, in excess of forty hours in individual workweeks, including but not limited to the workweeks between 2019 and April 1, 2022.

35. The Plaintiff, EDWARD COLBERT, was entitled to be paid overtime wages at "time and a half" for all time worked in excess of forty hours in individual workweeks.

36. In violation of the FLSA, the Defendants, ESSCOE, L.L.C. and MICHAEL COOK, committed one or more of the following actions:

    a. Failed to compensate the Plaintiff at his lawful overtime rate of pay for all hours worked in excess of forty hours per week; and

    b. Was otherwise in violation of the FLSA.

5

37. Defendants' failure and refusal to compensate overtime wages for hours worked in excess of forty hours per week was a willful violation of the FLSA.

WHEREFORE, the Plaintiff, EDWARD COLBERT, prays for judgment against the Defendants, ESSCOE, L.L.C. and MICHAEL COOK, plus his costs of suit, statutory penalties, and attorney's fees.

### COUNT II - Violation of Illinois Minimum Wage Law

38. The Plaintiff, EDWARD COLBERT, incorporates and adopts paragraphs 1 through 37 as if set forth herein fully as paragraph 38.

39. At all relevant times, there was in effect the Illinois Minimum Wage Law, 820 ILCS 105/1, *et. seq* (hereinafter "IMWL").

40. During the course of employment, the Plaintiff, EDWARD COLBERT, was an "employee" as defined by 820 ILCS 105/3.

41. During the course of employment, the Defendants, ESSCOE, L.L.C, and MICHAEL COOK, were "employers" as that term is defined by 820 ILCS 105/3.

42. Pursuant to Section 4a of IMWL, "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

43. At all times relevant, the Plaintiff, EDWARD COLBERT, was not exempt from the provisions of the IMWL, including the overtime provisions.

44. At all times relevant, the Defendants directed the Plaintiff to work, and Plaintiff did work, in excess of forty hours in individual workweeks.

45. The Plaintiff, EDWARD COLBERT, was entitled to be paid overtime wages at

"time and a half" for all time worked in excess of forty hours in individual workweeks.

46. In violation of the IMWL, the Defendants, ESSCOE, L.L.C. and MICHAEL COOK, committed one or more of the following actions:

    a. Failed to compensate the Plaintiff at his lawful overtime rate of pay for all hours worked in excess of forty hours per week; and

    b. Was otherwise in violation of the IMWL.

47. Pursuant to Section 12 of IMWL, [i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action treble the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12.

48. Defendants' failure and refusal to compensate overtime wages for hours worked in excess of forty hours per week was a willful violation of the IMWL.

WHEREFORE, the Plaintiff, EDWARD COLBERT, prays for judgment against the Defendants, ESSCOE, L.L.C. and MICHAEL COOK, plus his costs of suit, statutory penalties, and attorney's fees.

## JURY DEMAND

A Jury Trial is requested on all claims triable by a jury.

Respectfully Submitted,

_____
Diana C. Servos
Attorney for the Plaintiff

DIANA C. SERVOS (4994471)
S.T. Legal Group
1020 Milwaukee Avenue, Suite 335
Deerfield, Illinois 60015
(847) 654-9200
dservos@stlegalgroup.com